UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALISHIA ANDERSON,

                      Plaintiff,

-against-

SCHNEIDER NATIONAL INC., et al.,

                      Defendants.

**SECOND ORDER OF SERVICE**

22-CV-01689 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Alishia Anderson ("Plaintiff") brings this employment discrimination action against Defendants: (1) Schneider National Inc. ("Schneider"); and (2) Scott Tomick ("Tomick"), Schneider's "Driver Business Leader." (Doc. 1 at 4). Plaintiff provided two addresses for Defendants in the complaint: a Montgomery, New York address for Tomick and a Green Bay, Wisconsin address for Schneider. However, in a letter from the Equal Employment Opportunity Commission ("EEOC") attached to the complaint, the EEOC includes the Montgomery, New York, address for Schneider as well. The Court, therefore, on March 11, 2022, directed the Clerk of Court to provide the U.S. Marshals with the Montgomery, New York address for service upon both Defendants. (Doc. 7).

On May 18, 2022, the U.S. Marshals filed two USM-285 Process Receipt and Return forms indicating that neither of the Defendants could be served at the New York address because the address provided "was a vacant field." (Docs. 13, 14). The Marshals should now attempt service on both Defendants in Green Bay, Wisconsin at the service address provided herein.

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date that new summonses are issued based on this Order. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Accordingly, the Clerk of Court is respectfully requested to fill out USM-285 forms for Defendants Schneider National Inc. and Scott Tomick, issue new summonses for each Defendant, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those parties.

**SO ORDERED.**

Dated: White Plains, New York
May 25, 2022

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Schneider National Inc.
   P.O. Box 2545
   3101 South Packerland Drive
   Green Bay, Wisconsin 54306-2545

2. Scott Tomick
   P.O. Box 2545
   3101 South Packerland Drive
   Green Bay, Wisconsin 54306-2545